FILED
JUN 2 3 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

COLIN LEE BASHANT, )
)
    Petitioner, )
)
vs. ) No. CIV-15-119-W
)
TRACY McCOLLUM, Warden, )
)
    Respondent. )

## ORDER

On June 5, 2015, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed by respondent Tracy McCollum, Warden. The parties were advised of their right to object, see Doc. 13 at 13, and the matter now comes before the Court on the Travers[e] to Order/Request for Recommendation of Appeal Out of Time filed by petitioner Colin Lee Bashant, proceeding pro se. See Doc. 14.

Upon de novo review of the record, the Court concurs with Magistrate Judge Mitchell's suggested disposition of the respondent's motion and her recommendation that the Court dismiss as time-barred Bashant's Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitations period for state prisoners to seek federal habeas relief, subject to certain exceptions, see 28 U.S.C. § 2244(d), and Bashant's one-year period began to run on March 24, 1998.

As Magistrate Judge Mitchell found, while this one-year period was statutorily tolled for a brief time while Bashant's request for judicial review was pending in state court, e.g., id. § 2244(d)(2)(time during which properly filed application for post-conviction relief or other collateral review pending not counted), neither further statutory tolling, nor equitable tolling, e.g., Holland v. Florida, 560 U.S. 631 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling applies "only in rare and exceptional circumstances"), is available to excuse or justify Bashant's untimeliness in filing the instant action.

Because Bashant's Petition, which was not filed until January 30, 2015, see Doc. 1 at 20,[1] is clearly time-barred, the Court

(1) ADOPTS the Report and Recommendation [Doc. 13] issued on June 5, 2015;

(2) GRANTS the respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 10] filed on March 4, 2015; and

(3) DISMISSES Bashant's Petition as untimely filed.

ENTERED this 23rd day of June, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] See Houston v. Lack, 487 U.S. 266, 275-76 (1988)(pro se prisoner's paper or pleading considered "filed" at moment of delivery to prison authorities for forwarding to court, regardless of when court receives document).